UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

        -against-                        NOTICE OF MOTION

WOLFE T. MIKELIC,                 Criminal Docket No.
                                                      3:10-cr-132 (CFD)
                         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

TO:  HONORABLE CHRISTOPHER F. DRONEY
      United States District Judge
      District of Connecticut

  PLEASE TAKE NOTICE, that upon the annexed Affidavit of EDWARD J. CARROLL, ESQ., sworn to on September 7, 2010, the Affidavit of WOLFE T. MIKELIC, sworn to on September 7, 2010, the annexed Memorandum of Law and Exhibits, and upon all prior proceedings had herein, defendant, WOLFE T. MIKELIC, will move before Honorable Christopher F. Droney, United States District Court Judge for the District of Connecticut, at the United States District Court of Connecticut, North Courtroom 2nd Floor, 450 Main Street, Harford, Connecticut for ORDERS:

  1.  Pursuant to 18 U.S.C. Section 3500, directing the Government to transcribe all Grand Jury Testimony.

2. Pursuant to FRCrP Rules 6 and 12(b), directing the Government to produce the Grand Jury Minutes for an in camera inspection by the Court and upon such judicial review, granting defendant a trial order of dismissal of the above entitled Indictment.

3. Pursuant to FRCrP 16(a)(1)(A)(B), directing the Government to make disclosure, in writing, of a summary of all oral and/or written and/or recorded statements of defendant, WOLFE T. MIKELIC, including date, time and place where said statements were allegedly made to law enforcement officials.

    a. Any and all written forms, documents, releases, and/or instruments allegedly signed by the defendant, including any forms allegedly evidencing his consent to search, seize, and/or to otherwise obtain any evidence which the Government intends to use against the defendant in this proceeding.

4. Pursuant to FRCrP Rule 12(b)(4)(B), directing the Government to provide disclosure and notice of its intent to use any evidence as "evidence in chief" at trial which the defendant may be entitled to discover under Rule 16 (other than the evidence specified in its original voluntary disclosure dated July 8, 2010).

5. Pursuant to FRCrP Rule 12(b)(3)(C) and FRCrP Rule 41, suppressing all illegally obtained evidence and statements which were acquired by the Government as a result of unlawful, unreasonable, overly broad search(es) and seizure(s), which were not supported by probable cause and failed to meet the

requirements of particularity and which constituted "fruit(s) of the poisonous tree", all in violation of the Fourth, Fifth and Sixth Amendments of the United States Constitution and for a trial order of dismissal upon said grounds.

    a. Pursuant to FRCrP Rule 41, granting defendant a "Franks Hearing" to determine whether the affidavit(s) supporting any warrant obtained by the Government from any state or federal court (in this case, any warrant obtained from a magistrate of the State of Connecticut Court) contained false or misleading information and whether there was a reckless disregard for the truth of their content to the extent that probable cause was not properly demonstrated.

    b. Granting defendant a hearing pursuant to *Miranda vs. Arizona*, 384 US 436, 86 S.Ct. 1602, 16 L.Ed 2d 694 (1966) (Huntley) upon the grounds that any statements obtained from the defendant were acquired illegally and without proper warnings and in violation of the defendant's right to legal counsel.

6. Pursuant to FRCrP Rule 12(d), for specific factual findings in the Court's resolution(s) of pre-trial motions.

7. Pursuant to FRCrP Rule 16(a)(1)(F), directing the Government to provide any and all examination and test results, including but not limited to reports of physical or mental examinations of witnesses or any other parties and of scientific tests of any government witness, voice analysis, handwriting analysis, drug, chemical, substance analysis, and fingerprint analysis (the Government has

represented that the foregoing will be presented in the future, however, the defendant requests the immediate disclosure of all such chemical tests and examinations including the method of weight and composition utilized of any alleged illegal substances, and the location, date, time and place where said substances were obtained by the Government and the dates and places of the Government's testing(s), examination(s), and weighing(s)).  If the Government is alleging that more than one seizure occurred which, when co-mingled, resulted in the total alleged weight of illegal substance or chemical analysis, set forth and describe, with particularity, each and every seizure of an alleged illegal substance from the defendant, including the date, time and place of said seizure and the individual analysis of that seizure, before any co-mingling, if any, had occurred which resulted in the total amount and weight of any alleged illegal substance(s) which now forms the basis of any and/or all of the charges pending against the defendant.

    8.  Pursuant to FRCrP 16(E)(F)(G), directing the Government to provide all documents and tangible objects, exculpatory material, including any evidence favorable to the accused or discrediting its own case in accordance with *Brady vs. Maryland* 373 U.S. 83 (1963), a written summary of any expert testimony and all other disclosure requested herein other than which has been provided, if

any, by the Government. Specifically, the defendant demands and seeks and order directing the Government to produce:

    a. A police video taken of the stop, search and seizure of a motor vehicle operated by Bret Battistelli in the State of Nebraska, including the actual seizure of evidence and confinement of Mr. Battistelli until he was released. The Government has represented that all information and evidence that was obtained by search and seizure of that vehicle was also used to obtain a State of Connecticut search warrant of the defendant's commercial premises and the Government further intends to offer all of the foregoing evidence and the evidence obtained as a result of the execution of that search warrant against the defendant in its direct case, at trial (see Exhibit Q).

    b. Any property obtained by the Government constituting evidence which is being used against defendant, WOLFE T. MIKELIC, in this proceeding, including, but not limited to:

    i. A true and complete copy of any invoice(s) or bill(s) of lading and/or other shipping documentation related to and/or accompanying any alleged shipment(s) to the defendant of any illegal substance(s), including any documents containing the name of the shipper and the name of the recipient of that shipment and the location, date and time of that delivery and the identity, name and description of the product transported on that documentation.

9. Pursuant to 18 U.S.C. Section 3500, specifically the Jencks Act, directing the Government to immediately produce for early discovery, all materials, as set forth in that section, and the defendant, WOLFE T. MIKELIC's motion.

10. Pursuant to 18 U.S.C. Section 3500, directing the Government to produce all prospective Government witnesses for an interview opportunity by the defendant, WOLFE T. MIKELIC.

11. Granting defendant, WOLFE T. MIKELIC's disclosure of impeaching evidence.

12. Pursuant to FRCrP Rules 57(d), requiring the Government to produce all interviews, memoranda, and reports made from those persons whom the Government has determined not to call as witnesses at the trial of this case.

13. Pursuant to 18 U.S.C. Section 3500, directing the Government to reveal information relating to any agreement, promises of immunity, compensation or other offers of benefits to witnesses or prospective witnesses.

14. Pursuant to FRCrP 16(c), directing the Government to disclose to counsel for the defendant, WOLFE T. MIKELIC, any and all evidence in the actual or constructive possession of the Government which is of favorable character for the accused.

15. Pursuant to FRCrP 16(A)(1)(E) and 18 U.S.C. Section 3500, directing the Government to disclose to defendant, WOLFE T. MIKELIC, any and all

information related to and regarding confidential informants, cooperating witnesses and other arrangements with the Government.

16. Pursuant to 18 U.S.C. Section 3500, and relevant case law directing the Government to preserve handwritten notes and tape recordings of all Government agents.

17. Pursuant to FRCrP 16(a)(1)(c) and 12(d)(2), directing the Government to admit or deny the existence of other investigations and potential indictments.

18. Pursuant to FRCrP 2 and 57(d), directing the Government to admit or deny use of electronic surveillance.

19. Pursuant to FRCrP 12(b), to permit the defendant to adopt and conform applicable motions and memoranda filed by others accused, if any, and to join in the motions of those other defendants.

20. Pursuant to FRCrP 7(c), dismissing the instant indictment and charges for vagueness.

21. Granting defendant a pretrial James Hearing to determine the existence of a conspiracy, whether defendant, WOLFE T. MIKELIC, is part of that conspiracy, and the admissibility of statements of any party of that conspiracy or otherwise, including the defendant, WOLFE T. MIKELIC, which the government intends to offer as a co-conspirators' declaration(s).

22.  Directing the Government to disclose any Federal Rules of Evidence, Rule 404(b) material it intends to introduce during the trial.

23.  Granting the defendant a hearing on the issues of probable cause for the initial arrest of the defendant which is the subject of this criminal proceeding upon the grounds that no probable cause existed for such arrest and/or that the defendant's arrest is illegal being the fruits of a poisonous tree entitling the defendant to a dismissal as a matter of law.  *Dunaway v. New York*, 442 US 200; *People v. Melvin Johnson*, 66 N.Y.2D 398 (1985); *People v. Richard James Biegelow*, 66 N.Y.2d 417 (1985); *People v. Dennis Landy*, 59 N.Y.2d 369 (1983); *Wong Sun v. United States*, 371 US 471; *Brown v. Illinois*, 422 US 590.

24. Pursuant to FRCrP 7(f), upon the defendant's demand herein, directing the government to provide a Bill of Particulars setting forth:

      a. date(s) and place(s) the alleged crimes were committed;

      b. date(s) and place(s) where the defendant knowingly and intentionally combined, conspired, and agreed with others to posses with the intent to distribute and to distribute 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana;

      c. status of persons names or unnamed in the indictment;

      d. each and every act of the defendant upon which the Government will claim constituted the commission of the crime(s) set forth in the indictment,

or otherwise, including, but not limited to Conspiracy to Distribute Marijuana in violation of 21 U.S.C. § 846; Possession With Intent to Distribute Marijuana in violation of 21 U.S.C. § 841(a)(1); and Criminal Forfeiture in violation of 21 U.S.C. § 853.

      i. State the date, time, place and manner in which defendant joined the alleged enterprise and/or conspiracy, including the name and address of any individual known to the Government to be a party thereto.

      ii. Describe the organizational structure of the enterprise and/or conspiracy and the division of roles of each individual alleged to be associated with the enterprise and/or conspiracy, including, but not limited to the role(s) of defendant, WOLFE T. MIKELIC, is alleged to have performed in the enterprise and/or conspiracy.

      iii. State the exact date(s), time(s) and place(s) of such conspiracy and name the persons with whom the defendant allegedly agreed to commit the conspiracy which is the subject of the indictment.

      iv. Identify all of the individuals present at the time of the crimes charged in the indictment.

      v. State whether WOLF T. MIKELIC's acts in the conspiracy are alleged to have been expressly state or implied:

      a. if express, prove WOLF T. MIKELIC's exact words expressing each agreement;

      b. if implied, describe WOLF T. MIKELIC's conduct and the surrounding circumstances from which each agreement is inferred.

      c. the specific circumstances upon which the government alleges that defendant, WOLFE T. MIKELIC, was involved in the alleged conspiracy of distributing a mixture and substance containing a detectable amount of marijuana referred to in the indictment, containing the following:

  (a) location;

  (b) date and time;

  (c) substance of the act;

  (d) purpose of said act;

  (e) persons who observed such;

  (f) the Government's source of knowledge;

  (g) persons participating or present at the time.

  vi. The specific circumstance upon which the Government claims defendant, WOLFE T. MIKELIC, did knowingly and intentionally combine, conspire, and agree with others whose identities are both known and unknown to the Grand Jury, to possess with the intent to distribute and to distribute 100

kilograms or more of a mixture and substance containing a detectable amount of marijuana, containing the following:

    (a) location;

    (b) date and time;

    (c) substance of the act;

    (d) purpose of said act;

    (e) persons who observed such;

    (f) the Government's source of knowledge;

    (g) persons participating or present at the time.

    vii. State whether it is alleged WOLFE T. MIKELIC distributed proceeds of the conspiracy, and if so, the date, time and place he made said distributions, describe whether the distributions were by case, check or other financial instrument, specifying the form of such other financial instrument, the name of the person from whom he received the proceeds and the name of the person to whom he made each alleged distribution.

    viii. State whether it is alleged WOLFE T. MIKELIC distributed marijuana as a result of the conspiracy, and if so, the date, time and place he made said distributions, specifying the name(s) of the person(s) to whom he distributed the marijuana.

   ix. The specific circumstances upon which the Government claims defendant, WOLFE T. MIKELIC, allegedly conspired to and/or did agree with others whose identities are both known and unknown to the Grand Jury, to possess with the intent to distribute and to distribute 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, containing the following:

 (a) location;

 (b) date and time;

 (c) substance of the act;

 (d) purpose of said act;

 (e) persons who observed such;

 (f) the Government's source of knowledge;

 (g) persons participating or present at the time.

  x. The specific circumstances upon which the Government claims defendant, WOLFE T. MIKELIC, allegedly with other defendants did participate in a conspiracy to possess with the intent to distribute and to distribute 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, containing the following:

 (a) location;

 (b) date and time;

  (c) substance of the act;

  (d) purpose of said act;

  (e) persons who observed such;

  (f) the Government's source of knowledge;

  (g) persons participating or present at the time.

  xi. The name and address of each and every person who was present at the scene of the alleged crime(s) and/or conspiracy charged.

  xii. The date, time, location and circumstances wherein defendant, WOLFE T. MIKELIC, is alleged to have first joined the conspiracy.

  xiii. The duration of the association of WOLFE T. MIKELIC in the alleged conspiracy with any other individuals.

  xiv. A specification of what the prosecution contends were the elements of the conspiracy alleged in the Indictment and what specifically WOLFE T. MIKELIC did agree to do in furtherance of that conspiracy.

  xv. The identities of all alleged members of the conspiracy with respect to the subject Indictment, indicted or unindicted.

  xvi. The date, time, location and circumstances where it is claimed each alleged member of the conspiracy entered into the conspiracy.

  xvii. The exact language or word(s) used by each of the alleged co-conspirators which indicated or tended to indicate that (s)he unlawfully and

willfully and knowingly did conspire with the others to commit the illegal acts alleged in the Indictment.

  xviii. Whether the Government contends that there were any telephone calls, meeting, conference or other communications in the creation or furtherance of the alleged conspiracy. If so, describe each telephone call, meeting, conference or other communication setting forth as to each:

 (a) the date thereof;

 (b) the parties thereto;

 (c) the content, substance and purpose of the communication;

 (d) the location of each of the parties to the communication at the time thereof;

 (e) the source of the Government's knowledge as to each.

  xix. A specification of whether defendant, WOLFE T. MIKELIC, actually committed or participated in an overt act in furtherance of the conspiracy, and to state as to each:

 (a) location;

 (b) date and time;

 (c) substance of the act;

 (d) purpose of said act;

 (e) persons who observed such;

(f) the Government's source of knowledge.

xx. A specification of each of the overt acts performed by each indicted and/or unindicted co-conspirator in furtherance of the conspiracy, containing the following:

(a) location;

(b) date and time;

(c) persons participating or present at the time;

(d) substance of the act;

(e) purpose of the act.

25. Pursuant to FRCrP 12(f) permitting defendant to submit additional motions, if necessary and applicable.

Dated: September 7, 2010

S/Edward J. Carroll  
EDWARD J. CARROLL, ESQ.  
Attorney for Defendant  
Wolfe T. Mikelic  
2733 Route 209  
Kingston, New York  12401  
Phone: 845-338-5977  
Fax: 845-338-5975  
E-mail: eclaw@hvi.net  

TO: MICHAEL E. RUNOWICZ, ESQ.  
    Assistant United States Attorney  
    United States Attorney's Office  
    District of Connecticut  
    157 Church Street – 23rd Floor  
    New Haven, Connecticut  06510